UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kathy E. Adams,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Condoleezza Rice,** )<br>  Secretary of State )<br>  U.S. Department of State )<br>)<br>Defendant. )<br>) | Civil Action No. 05-941 |

## AMENDED COMPLAINT

1. This action is brought pursuant to the Rehabilitation Act of 1973, as amended by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Amendments of 1978, 29 U.S.C. §§ 701 *et seq.*, and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), against the U.S. Department of State, to remedy unlawful employment practices taken against plaintiff by refusing to provide her with reasonable accommodations and/or for discriminating against her based on a physical handicap, a record of a physical handicap and/or a perception of a physical handicap.

### Jurisdiction

2. This Court has subject matter jurisdiction over the claims raised herein under the Rehabilitation Act of 1973, § 504(a), 29 U.S.C. § 794(a) and pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981(a), plaintiff having exhausted all available

administrative remedies on her claims as of the date the instant civil action has been filed.

### Venue

3. Venue is proper in the District of Columbia as the defendant, the U.S. Department of State is headquartered in this district and the actions and decisions that form the basis of the claim contained in this case occurred here.

### Parties

4. Plaintiff is a female citizen of the United States and a resident of the State of South Carolina.

5. Defendant is Condoleezza Rice, the Secretary of State, the head of the U.S. Department of State which is an agency within the Executive Branch of the Government of the United States that has had more than 500 employees in at least 20 calendar weeks during the past year.  In short, as the Secretary of State, Secretary Rice is responsible for the personnel actions, omissions and practices within the State Department.  She is here sued in her official capacity as the head of the State Department only.

### Statement of Facts

6. Plaintiff is by education and experience an attorney at law.

7. Having an interest in serving her country as a Foreign Service Officer, she timely applied for the foreign service examination. Several months after taking the foreign service

examination plaintiff was informed by the State Department that she had passed the written examination for the Foreign Service.

8. Plaintiff passed the next step -- the oral section of the exam -- and finished both the oral and written examinations with an impressive rank of 7 out of 200 Consular Officer candidates.

9. In addition to passing the written and oral Foreign Service examination, plaintiff also passed her physical exam and received a Class 1 Medical Clearance from the State Department's Office of Medical Services. This was issued on July 10, 2003.

10. As a result of her hard work, strong performance, and vigorous pursuit of her goal for over a year, plaintiff was on the verge of becoming a Foreign Service Officer. Plaintiff's strong candidacy was confirmed when she received a letter from the Department of State on October 2, 2003 stating that she was eligible for appointment as a Junior Foreign Service Officer. On October 3, 2003 plaintiff was told that she had a virtual lock on a slot in the Foreign Service Officer class being formed to commence on January 12, 2004.

11. Unfortunately, despite plaintiff's excellent credentials and superb performance during the application process, she was denied the right to become a Foreign Service Officer simply because she informed the State Department that she had been diagnosed with Stage I breast cancer in mid August of 2003.

12. Plaintiff successfully completed treatment for her breast

cancer and is cancer-free. Her treatment included a hospital stay and four weeks of continued medical treatments. She has an excellent prognosis from her physicians. She submitted medical information including new blood tests that demonstrated that she no longer requires ongoing cancer treatment and that she has no particular limits on her work activities -- all well before the January 12, 2005 class list was finalized. She is, however, limited in the major life activity of sexual contact and romantic intimacy. This limitation may be due to a variety of physical and psychological effects of breast cancer treatment. The Office of Medical Services issued her a Class 5 medical clearance -- which denied her admission into the January 12 class and effectively eliminated her from being accepted into the Foreign Service.

**Claim I -- Violation of the Rehabilitation Act:**

13. In the State Department's treatment of plaintiff, defendant intentionally violated the Rehabilitation Act, by denying her employment based on her disability, a record of impairment and/or the perception that she had a disability.

14. As a result of the State Department's unlawful conduct in violating the Rehabilitation Act, plaintiff has suffered and continues to suffer economic losses, lost pay and promotional and bonus opportunities (with attendant loss of pay and other benefits associated with promotions, bonuses and awards for performance), damage in the form of emotional distress, pain and suffering, as

well as personal and professional humiliation and career damage.

### **Prayer for Relief**

WHEREFORE, plaintiff prays that this Court order the following relief:

    (a)    enter judgment in her favor and against defendant on plaintiff's claim concerning the Rehabilitation Act;

    (b)    award plaintiff compensatory damages against defendant to the fullest extent allowable under law, with interest thereon;

    (c)    order defendant to appoint plaintiff as a Foreign Service Officer retroactive to January 12, 2004;

    (d)    order defendant to provide plaintiff with full back pay (with interest thereon) and other benefits and promotions associated with said appointment;

    (e)    enjoin defendant from future retaliation and discrimination against plaintiff;

    (f)    award plaintiff her costs of this action and the requisite administrative complaint that preceded it, including reasonable attorneys' fees, with interest thereon; and

    (g)    award such other and further relief as in the opinion of this Court the interests of justice may require.

**<u>Jury Demand</u>**

Plaintiff hereby requests a trial by jury in the instant case on all issues of fact and on questioning pertaining to the amount of damages to be awarded.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO
1225 Eye Street, N.W.
Suite 1290
Washington, D.C.  20005
(202) 483-0300

Attorney for Plaintiff