# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kathy E. Adams,          ) | |
|        ) | |
|       Plaintiff,    ) | |
|        ) | |
|    v.       ) | Civil Action No.: 05-941 |
|        ) | |
| Condoleezza Rice,       ) | |
|        ) | |
|       Defendant.    ) | |
|        ) | |

## PLAINTIFF'S RULE 56(f) MOTION

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, plaintiff Kathy E. Adams respectfully moves this Court for an order denying defendant's pending motion to dismiss or, in the alternative for summary judgment at this time because plaintiff has not been allowed a reasonable opportunity to conduct discovery.

Defendant has filed his dispositive motion "in the alternative" under both Rule 12(b)(6) -- claiming that the complaint fails to state a claim upon which relief may be granted -- and Rule 56(c) -- alternatively claiming the existence of undisputed material facts and a right to judgment as a matter of law. However, as defendant filed evidence in support of the motion extrinsic to the pleadings, under the explicit command of Rule 12(b), defendant's motion must be "treated as one for summary judgment and disposed of as provided in Rule 56" -- with plaintiff being "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." No discovery has yet been had in this case. There has not yet been an answer filed by defendant, much less the filing of a Rule 16.3 joint report from the parties, or a scheduling conference held, or a scheduling order issued. Thus, under Rule 56(f), the consideration of a Rule 56 dispositive

motion is premature.  Therefore, pursuant to Rule 56(f) and as more fully explained in the

attached memorandum of points and authorities in support of this motion, defendant's dispositive

motion must be denied at this time to be considered only if re-filed *after* discovery has been

concluded.

Respectfully submitted,

_____

David H. Shapiro
D.C. Bar No. 961326
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Kathy E. Adams, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 05-941 |
| | ) |
| Condoleezza Rice, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S RULE 56(f) MOTION**

**Defendant's Summary Judgment Motion is Premature.**

The D.C. Circuit Court of Appeals will reverse a summary judgment that is granted before the nonmoving party has had any opportunity to conduct discovery. *See First Chicago Int'l v. United Exch. Co*., 836 F.2d 1375, 1379 (D.C. Cir. 1988)("it was premature for the district court to grant summary judgment without first permitting discovery on the merits."). The Supreme Court has declared that a summary judgment "must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986); *see also Celotex v. Catrett*, 477 U.S. 317, 322 (1986) ("As a general rule, summary judgment is appropriate only after adequate time for discovery.").

Granting plaintiff's Rule 56(f) motion seeking discovery (and denying defendant's motion for summary judgment ) is particularly appropriate in the employment discrimination context here. In *Paquin v. Federal National Mortgage Association*, 119 F.3d 23 (D.C. Cir.

1997), the district court had entered summary judgment for defendant employer before that defendant had met its discovery obligations. *Id.* at 28. Because the plaintiff needed certain requested documents (information underlying the employer's performance evaluations of the employee plaintiff) to oppose effectively the summary judgment motion, the D.C. Circuit reversed the summary judgment. *Id.* The *Paquin* court stated that "the district court erred in not granting [plaintiff's] Rule 56(f) motion," and thus reversed the judgment and remanded for discovery. *Id.*

*Paquin* reversed the summary judgment where some, but not all, of the discovery had been completed. Here, the parties have not even started discovery in this case.[1] Indeed plaintiff has filed an Amended Complaint that has not yet been responded to by defendant. Accordingly, plaintiff's motion under Rule 56(f) must be granted and defendant's dispositive motion must be denied. *See Berkeley v. Home Insurance Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (holding that Rule 56(f) motions are to be granted as a matter of course unless counsel lacked diligence in pursuing discovery). Indeed, defendant's dispositive motion urges this Court to decide the merits of plaintiff's discrimination claim on the basis of evidence that plaintiff has not had the opportunity to test for veracity.

As detailed in the attached declaration of her counsel (Declaration of David H. Shapiro), plaintiff needs to conduct discovery concerning the facts pertaining to essential issues in her case, including:

---

[1]There has not even been an answer filed by defendant, and no scheduling conference has been held. Indeed, as defendant has not yet filed his responsive pleading, no joint report under Local Rule 16.3 has been prepared by the parties -- or even discussed among counsel.

- the process by which defendant determined that Ms. Adams' breast exams should be conducted by an oncologist, oncological surgeon and/or general surgeon.  Plaintiff should be permitted to examine this evidence and counter it with her own expert and her treating physicians.

- access to the Post Capabilities Database.

- the availability of a general practitioner and/or certified nurse-midwife at the five overseas posts for which defendant's website contains no information.

- When and where do women get their annual breast exams at posts that defendant claims has no provider to perform such exams? Are they permitted to use their home, annual or other type of leave?

- the reasons why defendant rejected the opinions of Ms. Adams' treating physicians that her breast exam may be performed by a certified nurse-midwife and/or general practitioner.

- a complete list of all the government agencies and private employers that require a Class I MED clearance.  This information is necessary to determine the class of jobs from which defendant perceived Ms. Adams to be disqualified.

- why Ms. Adams ability to speak Russian was not considered in her application for a waiver.

Given the nature of the claims involved in the instant civil action, these factual areas must be explored if plaintiff is to be provided a reasonable opportunity to respond to defendant's efforts to have this case dismissed on its merits.  In short, this is precisely the situation

envisioned by the drafters of Rule 56(f), and plaintiff's motion under that rule must be granted

and, accordingly, defendant's dispositive motion must be denied.

Respectfully submitted,

_____

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C. 20005
(202) 842-0300

Attorney for Plaintiff