UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kathy E. Adams,** | ) |
|       **Plaintiff,** | ) |
| v. | ) Civil Action No.: 05-941 |
| **Condoleezza Rice,** | ) |
|       **Defendant.** | ) |

### DECLARATION OF DAVID H. SHAPIRO

I, David H. Shapiro, do hereby declare as follows:

    1.    I am a partner in the Washington, D.C. law firm of Swick & Shapiro, P.C., and I am the attorney representing plaintiff Kathy E. Adams in the above-captioned civil action. I affirm that the statements set forth in this declaration are based upon my personal knowledge and opinions.

    2.    Plaintiff's complaint in this action was filed in this Court on May 3, 2005. Defendant Condoleezza Rice, Secretary of State, filed a motion to dismiss or, in the alternative, for summary judgment (the "motion") on September 16, 2005. Plaintiff filed an Amended Complaint on November 8, 2005.

    3.    I am providing this declaration in support of plaintiff's motion under Rule 56(f), Federal Rules of Civil Procedure.

    4.    Viewing defendant's motion as one for summary judgment, plaintiff is in the impossible position of having to unearth and present all of the evidence needed to establish that her employment discrimination claim is a plausible cause of action sufficient to avoid summary

judgment without the aid of any discovery to obtain data and documents, identify potential witnesses to be interviewed and deposed, and obtain witness testimony. Defendant's motion refers to seventeen exhibits, four of which are declarations of Foreign Service management officials that plaintiff has not been permitted to depose. The motion also includes and refers to a "statement of material facts not in genuine dispute." Without discovery, plaintiff cannot depose the defendant's declarant or obtain witness testimony about the declaration, documents, or any of the defendant's allegedly undisputed material facts. Moreover, without discovery plaintiff can neither access other documents nor elicit deposition testimony (or even obtain the identity of potential witnesses) that would likely either support her legal claims, cast doubt on the veracity of defendant's assertions in support of his dispositive motion, or properly address defendant's proffered statement of undisputed material facts.

     5.     For example, some of the issues on which plaintiff would need discovery to properly respond to defendant's dispositive motion or otherwise prepare to litigate her claims on the merits -- with citations to the memorandum submitted by defendant in support of his dispositive motion or to the complaint -- are as follows:

     A.     the process by which defendant determined that Ms. Adams' breast exams should be conducted by an oncologist, oncological surgeon and/or general surgeon

          --      When did such discussions take place? Who was present? What was said?

          --      Discussion of previous MED Clearances for cancer survivors.

B. the reasons why defendant rejected the opinions of Ms. Adams' treating physicians that her breast exam may be performed by a certified nurse-midwife and/or general practitioner.

- -- Who participated in making the decision? On what grounds? How? When? On what authority?
- -- Have there been previous medical determinations where the opinion of the treating provider was rejected? On what grounds?

C. the availability of a general practitioner and/or certified nurse-midwife at the five overseas posts for which defendant's website contains no information.

- -- Are these providers authorized to perform breast exams?
- -- if there are none available at a site, where do women get their annual breast exams? How do they get there? What is involved in arranging transportation and taking leave? Can they get their breast exams while on home or other types of leave?
- -- Access to the Post Capabilities Database

D. a complete list of all the government agencies and private employers that require a Class I MED clearance. This information is necessary to determine the class of jobs from which defendant perceived Ms. Adams to be disqualified.

E. why Ms. Adams ability to speak Russian was not considered in her application for a waiver.

- -- Who participated in making the decision? On what grounds? How?

          When? On what authority?  What are the criteria for granting a waiver to an individual possessing a critical need?

--      Have there been other waiver determinations for or against individuals possessing a critical need?

6.    In this case, plaintiff would need to conduct discovery to ascertain the aforementioned information and to obtain other information and insights helpful in litigating her cause.  Plaintiff should be permitted to cross-examine this evidence and counter it with her own expert and her treating physicians.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements in this Declaration are true and correct.

_____              _____
Date                                                    David H. Shapiro